STEVEN G. SKLAVER (237612)
ssklaver@susmangodfrey.com
AMANDA BONN (270891)
abonn@susmangodfrey.com
DAVIDA BROOK (275370)
dbrook@susmangodfrey.com
RAVI DOSHI (297851)
rdoshi@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1901 Avenue of the Stars, Suite 950
Los Angeles, California 90067
Telephone:  (310) 789-3100
Facsimile:   (310) 789-3150

BROOKE TAYLOR (*pro hac vice* admitted)
btaylor@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, Washington 98101
Telephone:  (206) 373-7380
Facsimile:   (206) 516-3883

Attorneys for Defendant Zillow, Inc.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SOUTHERN DIVISION**

| | |
|---|---|
| JAMES FRIEDRICH, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>ZILLOW, INC., a Washington corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | CASE NO.: SACV 14-01969-DOC(JCGx)<br><br>Hon. David O. Carter<br><br>**MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF DEFENDANT ZILLOW INC.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO RULE 12(B)(6)**<br><br>Date: April 20, 2015<br>Time: 8:30 a.m.<br>Place: Courtroom 9D |

3630913v1/014549

**TABLE OF CONTENTS**

I. INTRODUCTION ................................................................................................ 1

II. FACTUAL BACKGROUND ............................................................................. 1

III. LEGAL STANDARD ......................................................................................... 2

IV. ANALYSIS .......................................................................................................... 3

    A. Plaintiff's Claim for Retaliation Should be Dismissed with Prejudice Because the Complaint (1) Fails to Allege that Plaintiff Engaged in "Protected Activity" as Defined by FEHA, and (2) Alleges that Plaintiff's Activity that is Not "Protected Activity" as Defined by FEHA was the "Sole" Cause of the Alleged Retaliation. ........................................................................... 3

    B. Plaintiff's Causes of Action for Emotional Distress Are Conclusory and Fail to State a Claim, Just as this Court Previously Held in Kremer, Boehler, and Young. ................................ 5

    C. The Court Should Dismiss Mr. Friedrich's Sarbanes-Oxley Claim Because Mr. Friedrich Has Failed To Exhaust, Just as the Court Previously Held in Boehler. ....................................................... 5

V. CONCLUSION .................................................................................................... 6

# TABLE OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ......................................................................................... 2

*Boehler v. Zillow, Inc.*,
   Case No. SACV 14-01844-DOC(DFMx)
   (C.D. Cal. February, 17, 2015) ..................................................................... 1, 6

*Clegg v. Cult Awareness Network*,
   18 F.3d 752 ....................................................................................................... 3

*Curtis v. Century Surety Co.*,
   320 F. App'x 546 (9th Cir. March 12, 2009) ................................................... 6

*Hatfield v. DaVita Healthcare Partners, Inc.*,
   Case No. C 13-5206 SBA, 2015 WL 106632
   (N.D. Cal. Jan. 7, 2015) ................................................................................ 4, 5

*Jackson v. Carey*,
   353 F.3d 750 (9th Cir. 2003) ........................................................................... 3

*Kremer v. Zillow, Inc.*,
   Case No. SACV 14-01889-DOC(DFMx)
   (C.D. Cal. Feb. 3, 2015) .................................................................................. 1

*Lewis v. City of Fresno*,
   834 F. Supp. 2d 990 (E.D. Cal. 2011) .............................................................. 4

*Ludovico v. Kaiser Permanente*,
   Case No. C-12-4363 EMC, 2014 WL 3725720
   (N.D. Cal. July 25, 2014) ................................................................................ 4

*Pareto v. F.D.I.C.*,
   139 F.3d 696 (9th Cir. 1998) ........................................................................... 3

*Sprewell v. Golden State Warriors*,
   266 F.3d 979 (9th Cir. 2001) ........................................................................... 3

*Yanowitz v. L'Oreal USA, Inc.*,
   36 Cal.4th 1028 ................................................................................................ 4

*Young v. Zillow, Inc.*,
   Case No. SACV 14-01922-DOC(DFMx)
   (C.D. Cal. February, 17, 2015) ....................................................................... 1

**Statutes**

18 U.S.C. § 1514A ...................................................................................................... 6

Cal. Gov't Code § 12940 .................................................................................... 1, 3, 4

**Rules**

Fed.R.Civ.P. 12(b)(6) ................................................................................................. 2

Fed.R.Civ.P. 8 ............................................................................................................ 5

## I. INTRODUCTION

This is a motion to dismiss that should not have to be filed, but despite repeated requests to do so, unfortunately, Plaintiff obstinately refuses to voluntarily amend his complaint. This Court has squarely held in related cases against Zillow, Inc. ("Zillow"), also filed by Plaintiff's counsel, that nearly identical, conculsory allegations of intentional and negligent infliction of emotional distress are inadequate under *Iqbal/Twombly* and that nearly identical, alleged violations of the Sarbanes-Oxley Act are not legally cognizable due to a failure to allege exhausation of administrative remedies.[1] For the same reasons previously stated by the Court, the Court should, once again, dismiss those claims.

As to Mr. Friedrich's claim for retaliation under California Government Code section 12940(h), he fails to state a claim because unlike parties protected by that statute, Mr. Friedrich is not alleging that he engaged in any "protected activity" related to allegedly discriminatory conduct.

During the meet-and-confer process, Mr. Friedrich was made aware of these deficiencies by Zillow, including, notably, the deficiencies that have previously been ruled on by the Court. Yet, rather than amend the Complaint voluntarily, Mr. Friedrich forced Zillow to file the present motion to dismiss, unnecessarily wasting both Zillow's and the Court's time and resources. The motion should be granted.

## II. FACTUAL BACKGROUND

---

[1] For repeated holdings by this Court that conclusory allegations of emotional distress that plaintiff alleges are inadequate, *see* February 17, 2015 Order (Dkt. 22) at 5, *Boehler v. Zillow, Inc.*, Case No. SACV 14-01844-DOC(DFMx) (C.D. Cal. February, 17, 2015)" [T]hroughout the complaint, Plaintiff alleges that he "suffered emotional distress" . . . . These allegations are a mere restatement of an element of the IIED and NIED claims."); February, 17, 2015 Order (Dkt. 22) at 8, *Young v. Zillow, Inc.*, Case No. SACV 14-01922-DOC(DFMx) (C.D. Cal. February, 17, 2015) (same); February 3, 2015 Order (Dkt. 31) at 7–8, *Kremer v. Zillow, Inc.*, Case No. SACV 14-01889-DOC(DFMx) (C.D. Cal. Feb. 3, 2015) (same).

For the prior holding by this Court that a failure to allege exhausation of administrative remedies requires dismissal of an alleged violation of the Sarbanes-Oxley Act, *see* February 17, 2015 Order (Dkt. 22) at 5, *Boehler v. Zillow, Inc.*, Case No. SACV 14-01844-DOC(DFMx) (C.D. Cal. February, 17, 2015) (C.D. Cal. February, 17, 2015)

3630913v1/014549

1

Mr. Friedrich alleges that he was employed by Zillow as an Inside Sales Consultant between February 2013 and May 2014. (Compl. ¶¶ 12, 40.) He alleges that in or around October 2013, he discovered fraudulent activities related to Zillow's "Co-Marketing Program," which he believed constituted violations of the Real Estate Settlement Procedures Act ("RESPA"). (Compl. ¶ 22.) Soon thereafter, Mr. Friedrich alleges he disclosed the alleged fraud to his co-worker Ashley Boehler, who agreed with Mr. Friedrich that the activity was a RESPA violation. (Compl. ¶ 23.) After Mr. Boehler confirmed Mr. Friedrich's suspicions, Mr. Friedrich alleges he informed Zillow's management in Orange County of the problem, but was rebuffed. (Compl. ¶¶ 28–32.)

Soon thereafter, on November 4, 2013, Mr. Friedrich alleges he and Mr. Boehler sent an anonymous e-mail to executives at Zillow's headquarters in Seattle, Washington, to alert them to the RESPA issue. (Compl. ¶ 35.) Mr. Friedrich alleges that soon after he sent this anonymous e-mail, he began to be retaliated against by managers at Zillow's Orange County office. (Compl. ¶ 36.) The retaliation included being "micromanaged at an unprecedented level," including by a reduction of "the number of inbound leads allocated to Mr. Friedrich." (Compl. ¶ 36.) Mr. Friedrich also alleges that he was not offered promotions, denied the ability to take paid time off "without legitimate explanation," and given the silent treatment by the Director of Sales. (Compl. ¶ 38.)

As a result of this alleged conduct, Mr. Friedrich asserts that he "suffered numerous emotional breakdowns," and was eventually "forced to resign" his position at Zillow. (Compl. ¶¶ 39–40.)

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) requires that a plaintiff's complaint must be dismissed when the allegations contained within it fail to state a claim upon which relief can be granted. In order to survive a 12(b)(6) motion to dismiss, a complaint must state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*,

556 U.S. 662 (2009). In evaluating whether that standard has been met, the court must accept as true all material allegations of the complaint, as well as all reasonable inferences to be drawn therefrom. *See Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998). It should additionally construe the complaint in the light most favorable to the nonmoving party. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). However, the court is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See id.* (citing *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994)). Where the plausibility standard cannot be met and the court is satisfied that the deficiencies within the complaint cannot be cured by amendment, dismissal with prejudice is appropriate. *See Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003).

## IV.   ANALYSIS

### A.   Plaintiff's Claim for Retaliation Should be Dismissed with Prejudice Because the Complaint (1) Fails to Allege that Plaintiff Engaged in "Protected Activity" as Defined by FEHA, and (2) Alleges that Plaintiff's Activity that is Not "Protected Activity" as Defined by FEHA was the "Sole" Cause of the Alleged Retaliation.

California Government Code section 12940(h) makes it unlawful "[f]or any employer . . . to discharge, expel, or otherwise discriminate against any person because the person has opposed any practices forbidden under this part or because the person has filed a complaint, testified, or assisted in any proceeding under this part." The clause is part of the statute referred to as the Fair Employment and Housing Act (FEHA), which generally addresses discrimination in workplaces and housing on the basis of race, gender, sex, marital status, religion, color, national origin, and sexual orientation, among other classifications. *See* Cal. Gov't Code § 12940, *et seq*. To state a claim for relief under section 12940(h), an employee must have engaged in the protected activity of opposing practices related to FEHA's purpose—eliminating workplace and housing-related discrimination. *See*

*Lewis v. City of Fresno*, 834 F. Supp. 2d 990, 1002 (E.D. Cal. 2011) ("In order to constitute protected activity, Plaintiffs' conduct must have alerted his employer to his belief that discrimination, not merely unfair personnel treatment, had occurred."). Without such alleged conduct, an employee cannot state a claim for retaliation under FEHA. *See Ludovico v. Kaiser Permanente*, Case No. C-12-4363 EMC, 2014 WL 3725720 at *15 (N.D. Cal. July 25, 2014) ("To state a prima facie case for retaliation under either statutory provision, Plaintiff must establish: (1) involvement in a protected activity; (2) an adverse employment action, and (3) a causal link between the two.")

There is no allegation in the Complaint that Mr. Friedrich engaged in any "protected activity" as defined by FEHA—that is, there is no allegation that he opposed any allegedly discriminatory practices by his employer. Instead, Mr. Friedrich's allegation is only that he complained to Zillow about fraudulent activity, and that as a result of that complaint, he was retaliated against. But such an allegation is not enough to state a prima facie case for retaliation in violation of California Government Code section 12940(h). *See Hatfield v. DaVita Healthcare Partners, Inc.*, Case No. C 13-5206 SBA, 2015 WL 106632 at *3 (N.D. Cal. Jan. 7, 2015) ("An employee engages in 'protected activity' where he or she opposes conduct that ultimately is determined to be unlawfully discriminatory under the FEHA, [and] . . . when the employee opposes conduct that the employee reasonably and in good faith believes to be discriminatory, whether or not the challenged conduct is ultimately found to violate the FEHA.") (citing *Yanowitz v. L'Oreal USA, Inc.*, 36 Cal.4th 1028, 1130–31 (2005)).

Moreover, even if Mr. Friedrich had alleged that he engaged in "protected activity" as defined by FEHA, the Complaint makes clear that his opposition to such allegedly discriminatory practices was not the cause of the allegedly retaliatory actions against him. Indeed, the Complaint specifically admits that Mr. Friedrich's "discovery and revelation of the pervasive fraudulent activities," actions

1  which are not "protected" by FEHA, "was the *sole motivating factor* for [Zillow's] retaliatory conduct" against him. (Compl. ¶ 46 (emphasis added).) Thus, even to the extent Mr. Friedrich were to request leave to amend his Complaint to allege that he did engage in FEHA "protected activity," based on these admissions, he can never adequately allege a causal link between such new activity and the alleged retaliation. As a result, the claim should be dismissed with prejudice.

### B. Plaintiff's Causes of Action for Emotional Distress Are Conclusory and Fail to State a Claim, Just as this Court Previously Held in Kremer, Boehler, and Young.

Mr. Friedrich's only allegations related to the quantity and quality of emotional distress he suffered as a result of Zillow's alleged acts are that he "suffered emotional distress," or that he "suffered numerous emotional breakdowns." (*See* Compl. ¶¶ 39, 70, 78.) In three related cases brought against Zillow by Mr. Friedrich's current counsel, the Court has now ruled three times that such minimal pleading is deficient and does not adequately state a claim for emotional distress. *See supra* note 1. Similarly here, Mr. Friedrich's conclusory recitation of the elements of the claim for negligent and intentional emotional distress cannot satisfy Federal Rule of Civil Procedure 8's pleading requirements. *See Hatfield*, 2015 WL 106632, at *4 (finding that the plaintiffs' "entirely vague" allegations that they suffered "depression, fear and anxiety about their jobs and lives" were not enough to adequately allege that they suffered severe or extreme emotional distress).

Therefore, just as the Court has so ordered three previous times in three related cases filed by Plaintiff's counsel against Zillow, here too, the Court should dismiss Mr. Friedrich's claims for emotional distress.

### C. The Court Should Dismiss Mr. Friedrich's Sarbanes-Oxley Claim Because Mr. Friedrich Has Failed To Exhaust, Just as the Court Previously Held in Boehler.

Section 806 of the Sarbanes-Oxley Act states that "[a] person who alleges discharge or discrimination by any person in violation of subsection (a) may seek

relief under subsection (c), by – (A) filing a complaint with the Secretary of Labor." 18 U.S.C. § 1514A(b)(1)(A). Exhaustion before the Secretary of Labor is a necessary predicate to filing a claim under the act in federal district court. *See* 18 U.S.C. § 1514A(b)(1)(B) (allowing a claimant to seek de novo review before a federal district court only if the Secretary of Labor has not issued a final decision within 180 days of the claimant filing its complaint); *see also Curtis v. Century Surety Co.*, 320 F. App'x 546, 548 (9th Cir. March 12, 2009) (unpublished opinion) ("An employee may file an enforcement action under § 1514A in district court only if he first files a complaint with the Secretary of Labor and the Secretary does not issue a final decision within 180 days." (emphasis added)).

Here, Mr. Friedrich does not allege that he exhausted his remedy of filing a claim with the Secretary of Labor prior to filing the present suit. Without doing so, as the Court previously held in the related case of *Boehler v. Zillow*, Mr. Friedrich cannot state a claim for violation of the Sarbanes-Oxley Act. *See* February 17, 2015 Order (Dkt. No.22) at 5, *Boehler v. Zillow*, Inc., SACV 14-01844-DOC(DFMx) (C.D. Cal. February, 17, 2015) (dismissing plaintiff's Sarbanes-Oxley claim because plaintiff did not appear to have filed a complaint with the Secretary of Labor). This cause of action should likewise be dismissed.

**V. CONCLUSION**

For the reasons stated herein, and in the Court's previous three orders granting Zillow's motions to dismiss the complaints in the related cases, the Court should once again grant Zillow's motion to dismiss.

| | |
|---|---|
| Dated: March 23, 2015 | STEVEN G. SKLAVER<br>AMANDA BONN<br>DAVIDA BROOK<br>RAVI DOSHI<br>BROOKE TAYLOR *(PHV admitted)*<br>SUSMAN GODFREY L.L.P.<br><br>By: */s/ Ravi Doshi*<br>    Ravi Doshi<br><br>Attorneys for Defendant Zillow, Inc. |