Brooke A. M. Taylor *(Pro Hac Vice)*
btaylor@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1201 3rd Avenue, Suite 3800
Seattle, WA 98101
Phone: (206) 373-7383

Steven G. Sklaver (237612)
ssklaver@susmangodfrey.com
Amanda Bonn (270891)
abonn@susmangodfrey.com
Davida Brook (275370)
dbrook@susmangodfrey.com
Ravi Doshi (297851)
rdoshi@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1901 Avenue of the Stars, Suite 950
Los Angeles, CA 90067-6029
Phone: (310) 789-3100

Attorneys for Defendant Zillow, Inc.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| JAMES FRIEDRICH, an individual,<br><br>                    Plaintiff,<br><br>v.<br><br>ZILLOW, INC., a Washington corporation; and DOES 1 through 50, inclusive<br><br>                    Defendant. | SACV 14-01969 DOC (JCGx)<br><br>**DEFENDANT ZILLOW, INC.'S ANSWER TO FIRST AMENDED COMPLAINT** |

Defendant Zillow, Inc. ("Zillow" or the "Company") hereby answers the First Amended Complaint for Damages of James Friedrich (the "Complaint") as follows. All allegations not expressly admitted are denied.

## **INTRODUCTION**

1.     Zillow admits that Mr. Friedrich began his employment with the Company on or about February 2013, as an Inside Sales Consultant. Zillow further admits that Friedrich purports to have graduated from the University of Southern California with a degree in Business Administration, and to have been enrolled in a master's degree program at the University of California, Irvine. Zillow lacks knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph, and on that basis denies each and every one of them.

2.     Zillow lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies each and every allegation in this paragraph.

3.     Zillow lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies each and every allegation in this paragraph.

4.     Zillow lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies each and every allegation in this paragraph.

5.     Zillow lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of this paragraph, and on that basis denies each and every allegation in that sentence. Zillow denies that Mr. Friedrich's managers in Irvine undertook a retaliatory campaign designed to intimidate and harass him. Zillow admits that Mr. Friedrich's action is based on the retaliation he alleges he endured at Zillow, but denies that he faced any retaliation at Zillow.

1

**PARTIES**

6.     Zillow admits that Mr. Friedrich purports to have resided in Orange County, California, at all times relevant to this action, but is unclear as to how Mr. Friedrich defines "all relevant times," and on that basis, denies the allegation, which is vague as to time.

7.     Zillow admits that Zillow, Inc. is a Washington corporation and a wholly owned subsidiary of Zillow Group, Inc. (NASDAQ: Z), registered to do business in the State of California.  Zillow also admits that it is an online home and real estate information marketplace for homebuyers, sellers, renters, real estate agents, mortgage professional, landlords, and property managers, and that its database contains more than 110 million U.S. homes.   Finally, Zillow admits that it operates the largest real estate advertising network in the country. Zillow denies each and every remaining allegation in this paragraph, which are vague as to time period.

8.     Zillow lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies each and every allegation in this paragraph.

**JURISDICTION AND VENUE**

9.     Zillow admits that this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 and that it is incorporated and has its principal place of business in a state other than the state in which Mr. Friedrich purports to reside. Zillow lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, which call for legal conclusions to which no response is necessary, and on these bases denies each and every allegation in this paragraph.

10.     This allegation calls for legal conclusions about supplemental jurisdiction to which no response is necessary.  To the extent that a response is

2

1    required, Zillow denies the allegation because the supplemental jurisdiction statute

2    does not apply to a diversity case such as this one.

3         11.    Zillow admits that some of the allegations in the First Amended

4    Complaint purport to have occurred in the Central District of California.  Zillow

5    otherwise lacks knowledge or information sufficient to form a belief as to the truth

6    of the allegations in this paragraph, which also call for legal conclusions to which

7    no response is necessary, and on these bases denies each and every other allegation

8    in this paragraph.

9                              **GENERAL ALLEGATIONS**

10        12.    Zillow admits that Ms. Friedrich began his employment at Zillow on

11   or about February 2013. Zillow admits that Mr. Friedrich purports to have

12   graduated from the University of Southern California with a degree in Business

13   Administration, and admits that Mr. Friedrich purports to have graduated in three

14   years. Zillow lacks knowledge or information sufficient to form a belief as to the

15   truth of the remaining allegations in this paragraph, and on that basis, denies them.

16        13.    Zillow admits that Mr. Friedrich purported to be enrolled in a master's

17   degree program at the University of California, Irvine. Zillow further admits that

18   Mr. Friedrich was offered a position as an Inside Sales Consultant at Zillow.

19        14.    Zillow lacks knowledge or information sufficient to form a belief as to

20   the truth of the allegations in this paragraph, and on that basis denies each and

21   every allegation in this paragraph.

22        15.    Zillow lacks knowledge or information sufficient to form a belief as to

23   the truth of the allegations in this paragraph, and on that basis denies each and

24   every allegation in this paragraph.

25        16.    Zillow lacks knowledge or information sufficient to form a belief as to

26   sentence 1 of this paragraph, and on that basis denies it. Zillow denies the

27   allegations of sentences 2–3 of this paragraph. Zillow admits that Mr. Friedrich has

28   won sales contests while employed at Zillow. Zillow lacks knowledge or

3

information sufficient to form a belief as to sentence 5 of this paragraph, and on that basis denies it.

17.     Zillow lacks knowledge or information sufficient to form a belief as to the truth of whether Mr. Friedrich received "universal" recognition as one of Zillow's top performers, and on that basis denies the allegation. Zillow admits that Mr. Friedrich has received awards while employed at Zillow, but is unclear as to the meaning Mr. Friedrich ascribes to the term "numerous," as used in the first sentence of this paragraph, and on that basis denies the allegation. Zillow denies the remaining allegations in this paragraph.

### Zillow's Alleged Illegal and Fraudulent Conduct

18.     Zillow admits that it launched a co-marketing program in or around June 2013.  Zillow denies the accuracy of Mr. Friedrich's characterization of the program as set forth in sentence 2 of this paragraph, and on that basis denies the allegations of that sentence.

19.     Zillow denies the accuracy of Mr. Friedrich's characterization of the Co-Marketing Program as a "pay for play arrangement," and on that basis denies the allegations of this paragraph.

20.     Zillow denies the accuracy of Mr. Friedrich's characterization of the Co-Marketing Program, and on that basis denies the allegations of this paragraph.

21.     This paragraph calls for legal conclusions, to which no response is necessary. To the extent a response is necessary, Zillow denies that Plaintiff has provided a complete description of RESPA's "anti-kickback" provision, and on that basis, denies the allegations of this paragraph.

### Mr. Friedrich Allegedly Discovers Zillow's Fraudulent Advertising Sales and Potential RESPA Violations

22.     Zillow lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies each and every one of them.

3724764v1/014549

23.     Zillow admits that Mr. Boehler was Mr. Friedrich's co-worker, but lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies each and every one of them.

24.     Zillow lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies each and every one of them.

25.     Zillow lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies each and every one of them.

**Mr. Friedrich Allegedly Discovers Zillow Turned a Blind Eye to Mortgage Lenders Posing as Real Estate Agents on its Own Platform**

26.     Zillow lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies each and every one of them.

27.     Zillow lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies each and every one of them.

28.     Zillow lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies each and every one of them.

29.     Zillow lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies each and every one of them.

30.     Zillow lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies each and every one of them.

3724764v1/014549

31.     Zillow lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies each and every one of them.

32.     Zillow lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies each and every one of them.

**Mr. Friedrich Reports the Fraudulent Conduct and Zillow's Managers Retaliate Against Him**

33.     Zillow lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies each and every one of them.

34.     Zillow admits that Mr. Boehler and Mr. Friedrich purport to having been individuals who informed "Zillow's executive team in Seattle" about alleged fraud, but lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies each and every one of them.

35.     Zillow admits that on or about November 4, 2013, it received an email from an anonymous e-mail account, and that Mr. Friedrich purports to having been one of the individuals who sent the anonymous email. Mr. Friedrich has not attached the e-mail to his Complaint, and Zillow lacks knowledge or information sufficient to form a belief as to the truth of its contents as characterized by Mr. Friedrich, on which basis, it denies each and every remaining allegation in this paragraph.

36.     Zillow lacks knowledge or information sufficient to form a belief as to the truth of the allegation in the first clause of sentence 1, and on that basis denies it. Zillow denies the remaining allegations of sentence 1. Zillow lacks knowledge or information sufficient to form a belief as to the truth of the allegations in sentences 2–3 of this paragraph, and on that basis denies them. Zillow admits that "inbound

6

leads" are sales calls coming from clients who are interested in purchasing advertising, and denies each and every remaining allegation of sentence 4 of this paragraph. Zillow denies the allegations of sentence 5 of this paragraph.

37. Zillow denies the allegations in this paragraph.

38. Zillow admits that Mr. Friedrich was not offered a promotion while at Zillow, but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and on that basis denies them.

39. Zillow lacks knowledge or information sufficient to form a belief as to the truth of the allegations in sentence 1 of this paragraph, and on that basis denies each and every one of them. Zillow admits that Mr. Fagnant was Mr. Friedrich's manager, denies that Mr. Robertson was ever a Zillow manager, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in sentence 2 of this paragraph, and on that basis denies each and every one of them. Zillow admits that Jami Thomas is a manager at Zillow, but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in sentence 3 of this paragraph, and on that basis denies each and every one of them.

40. Zillow lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies each and every one of them.

41. Zillow admits that Mr. Friedrich resigned from Zillow in May 2014. Zillow denies each and every remaining allegation in this paragraph.

## ALLEGED FIRST CAUSE OF ACTION

### RETALIATION IN VIOLATION OF LABOR CODE § 1102.5(b)

42. Zillow incorporates herein its responses to paragraphs 1 through 41 of the Complaint as if fully set forth herein.

43. This paragraph calls for legal conclusions, to which no response is necessary. To the extent that a responsive pleading is required, Zillow lacks

7

knowledge or information sufficient to form a belief as to the truth of this allegation, and on this basis denies this allegation.

44.   This paragraph calls for legal conclusions, to which no response is necessary.   To the extent that a responsive pleading is required, Zillow lacks knowledge or information sufficient to form a belief as to the truth of this allegation, and on this basis denies this allegation.

45.   This paragraph calls for legal conclusions, to which no response is necessary.  To the extent that a responsive pleading is required, Zillow denies each and every allegation in this paragraph.

46.   This paragraph calls for legal conclusions, to which no response is necessary.  To the extent that a responsive pleading is required, Zillow denies each and every allegation in this paragraph.

47.   This paragraph calls for legal conclusions, to which no response is necessary.  To the extent that a responsive pleading is required, Zillow denies each and every allegation in this paragraph.

48.   This paragraph calls for legal conclusions, to which no response is necessary.  To the extent that a responsive pleading is required, Zillow denies each and every allegation in this paragraph.

49.   This paragraph calls for legal conclusions, to which no response is necessary.  To the extent that a responsive pleading is required, Zillow denies each and every allegation in this paragraph.

## <u>ALLEGED SECOND CAUSE OF ACTION</u>

## <u>RETALIATION IN VIOLATION OF LABOR CODE § 1102.5(c)</u>

50.   Zillow incorporates herein its responses to paragraphs 1 through 49 of the Complaint as if fully set forth herein.

51.   This paragraph calls for legal conclusions, to which no response is necessary.  To the extent that a responsive pleading is required, Zillow denies each and every allegation in this paragraph.

8

52.   This paragraph calls for legal conclusions, to which no response is necessary.  To the extent that a responsive pleading is required, Zillow denies each and every allegation in this paragraph.

53.   This paragraph calls for legal conclusions, to which no response is necessary.  To the extent that a responsive pleading is required, Zillow denies each and every allegation in this paragraph.

54.   This paragraph calls for legal conclusions, to which no response is necessary.  To the extent that a responsive pleading is required, Zillow denies each and every allegation in this paragraph.

55.   This paragraph calls for legal conclusions, to which no response is necessary.  To the extent that a responsive pleading is required, Zillow denies each and every allegation in this paragraph.

56.   This paragraph calls for legal conclusions, to which no response is necessary.  To the extent that a responsive pleading is required, Zillow denies each and every allegation in this paragraph.

57.   This paragraph calls for legal conclusions, to which no response is necessary.  To the extent that a responsive pleading is required, Zillow denies each and every allegation in this paragraph.

## ALLEGED THIRD CAUSE OF ACTION

## CONSTRUCTIVE DISCHARGE IN VIOLATION OF PUBLIC POLICY

58.   Zillow incorporates herein its responses to paragraphs 1 through 57 of the Complaint as if fully set forth herein.

59.   This paragraph calls for legal conclusions, to which no response is necessary.  To the extent that a responsive pleading is required, Zillow admits that Plaintiff has accurately summarized the law of constructive discharge in California.

60.   This paragraph calls for legal conclusions, to which no response is necessary.  To the extent that a responsive pleading is required, Zillow is unclear as

1  to the meaning of Plaintiff's phrase "said misconduct," and on that basis, denies the
2  allegations of this paragraph.

3    61.    This paragraph calls for legal conclusions, to which no response is
4  necessary.  To the extent that a responsive pleading is required, Zillow denies each
5  and every allegation in this paragraph.

6    62.    This paragraph calls for legal conclusions, to which no response is
7  necessary.  To the extent that a responsive pleading is required, Zillow denies each
8  and every allegation in this paragraph.

9    63.    This paragraph calls for legal conclusions, to which no response is
10  necessary.  To the extent that a responsive pleading is required, Zillow denies each
11  and every allegation in this paragraph.

12    64.    This paragraph calls for legal conclusions, to which no response is
13  necessary.  To the extent that a responsive pleading is required, Zillow denies each
14  and every allegation in this paragraph.

15    65.    This paragraph calls for legal conclusions, to which no response is
16  necessary.  To the extent that a responsive pleading is required, Zillow denies each
17  and every allegation in this paragraph.

18    **ALLEGED FOURTH CAUSE OF ACTION**

19    **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

20    66.    Zillow incorporates herein its responses to paragraphs 1 through 33 of
21  the Complaint as if fully set forth herein.

22    67.    This paragraph calls for legal conclusions, to which no response is
23  necessary.  To the extent that a responsive pleading is required, Zillow denies each
24  and every allegation in this paragraph.

25    68.    This paragraph calls for legal conclusions, to which no response is
26  necessary.  To the extent that a responsive pleading is required, Zillow denies each
27  and every allegation in this paragraph.

28

3724764v1/014549

69.     This paragraph calls for legal conclusions, to which no response is necessary.  To the extent that a responsive pleading is required, Zillow denies each and every allegation in this paragraph.

70.     This paragraph calls for legal conclusions, to which no response is necessary.  To the extent that a responsive pleading is required, Zillow denies each and every allegation in this paragraph.

71.     This paragraph calls for legal conclusions, to which no response is necessary.  To the extent that a responsive pleading is required, Zillow lacks knowledge or information sufficient to form a belief as to the truth of Mr. Friedrich's allegations regarding his athletic ability, and on this basis denies them. Zillow denies each and every remaining allegation in this paragraph.

72.     This paragraph calls for legal conclusions, to which no response is necessary.  To the extent that a responsive pleading is required, Zillow denies each and every allegation in this paragraph.

73.     This paragraph calls for legal conclusions, to which no response is necessary.  To the extent that a responsive pleading is required, Zillow denies each and every allegation in this paragraph.

74.     This paragraph calls for legal conclusions, to which no response is necessary.  To the extent that a responsive pleading is required, Zillow denies each and every allegation in this paragraph.

**ALLEGED FIFTH CAUSE OF ACTION**

**NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

75.     Zillow incorporates herein its responses to paragraphs 1 through 33 of the Complaint as if fully set forth herein.

76.     This paragraph calls for legal conclusions, to which no response is necessary.  To the extent that a responsive pleading is required, Zillow denies each and every allegation in this paragraph.

77.     This paragraph calls for legal conclusions, to which no response is necessary.  To the extent that a responsive pleading is required, Zillow denies each and every allegation in this paragraph.

78.     This paragraph calls for legal conclusions, to which no response is necessary.  To the extent that a responsive pleading is required, Zillow denies each and every allegation in this paragraph.

79.     This paragraph calls for legal conclusions, to which no response is necessary.  To the extent that a responsive pleading is required, Zillow denies that Mr. Friedrich was harassed or retaliated against by Zillow, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and on that basis denies each and every one of them.

80.     This paragraph calls for legal conclusions, to which no response is necessary.  To the extent that a responsive pleading is required, Zillow denies that Mr. Friedrich was retaliated against by Zillow, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and on that basis denies each and every one of them.

81.     This paragraph calls for legal conclusions, to which no response is necessary.  To the extent that a responsive pleading is required, Zillow denies each and every allegation in this paragraph.

82.     This paragraph calls for legal conclusions, to which no response is necessary.  To the extent that a responsive pleading is required, Zillow denies each and every allegation in this paragraph.

83.     This paragraph calls for legal conclusions, to which no response is necessary.  To the extent that a responsive pleading is required, Zillow denies each and every allegation in this paragraph.

## **PRAYER FOR RELIEF**

Mr. Friedrich's requested relief is not an allegation and thus no response is required or appropriate.  To the extent that a response is required, Zillow denies that

3724764v1/014549

Mr. Friedrich is entitled to any relief requested.

## AFFIRMATIVE DEFENSES

As separate and affirmative defenses, and without admitting any of Mr. Friedrich's allegations or conceding the burden of proof as to any issue found to be an element of the Complaint, rather than an element of an affirmative defense, Zillow alleges the following separate and independent affirmative defenses.  Zillow reserves the right to allege additional affirmative defenses as they become known throughout the course of discovery.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Cause of Action)

1.      As a separate affirmative defense, Zillow alleges that Mr. Friedrich's Complaint and each cause of action set forth therein, or some of them, fail to set forth facts sufficient to state a cause of action against Zillow.

## SECOND AFFIRMATIVE DEFENSE

### (Intervening Acts And/Or Omissions)

2.      As a separate affirmative defense, Zillow alleges upon information and belief that all or parts of the damages alleged in Mr. Friedrich's Complaint were caused by the acts and/or omissions of Mr. Friedrich for whose conduct Zillow is not legally responsible, which intervened between the alleged acts and/or omissions of Zillow and Mr. Friedrich's alleged damages.  Mr. Friedrich's alleged damages, if any, are therefore not recoverable from Zillow.  In the alternative, any damages which Mr. Friedrich may be entitled to recover against Zillow must be reduced to the extent that such damages are attributable to the intervening acts and/or omissions of Mr. Friedrich.

## THIRD AFFIRMATIVE DEFENSE

### (Comparative Fault)

3.      As a separate affirmative defense, Zillow alleges upon information and belief that all or part of the damages alleged in Mr. Friedrich's Complaint were

caused by the acts and/or omissions of other persons or entities (including, without limitation, acts and/or omissions of Mr. Friedrich) for whose conduct Zillow is not legally responsible.  Therefore, if Mr. Friedrich is found to be entitled to recover any of her alleged damages, Zillow's share thereof must be apportioned or reduced to the extent that such damages are attributable to the acts and/or omissions of persons or entities (including, without limitation, Mr. Friedrich) other than Zillow.

### FOURTH AFFIRMATIVE DEFENSE

### (Laches)

4.     As a separate affirmative defense, Zillow alleges upon information and belief that Mr. Friedrich's Complaint and each cause of action set forth therein, or some of them, are barred by the doctrine of laches.

### FIFTH AFFIRMATIVE DEFENSE

### (Preemption)

5.     As a separate affirmative defense, Zillow alleges that Mr. Friedrich's Complaint and each cause of action set forth therein, or some of them, are, in whole or in part, preempted by California's worker's compensation law, which provides the exclusive remedy for Mr. Friedrich's alleged injuries.  *See, e.g.*, Cal. Labor Code §§ 3600, *et seq*.

### SIXTH AFFIRMATIVE DEFENSE

### (Failure To Mitigate Damages And Avoidable Consequences Doctrine)

6.     As a separate affirmative defense, Zillow alleges upon information and belief that Mr. Friedrich failed to mitigate her alleged damages, and to the extent of such failure to mitigate, in accord with the avoidable consequences doctrine, any damages awarded to Mr. Friedrich should be reduced accordingly.

3724764v1/014549

## SEVENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

7.      As a separate affirmative defense, Zillow alleges upon information and belief that Mr. Friedrich's Complaint and each purported cause of action alleged therein are barred, in whole or in part, by the doctrine of unclean hands.

## EIGHTH AFFIRMATIVE DEFENSE

### (Justification or Privilege)

8.      Zillow's alleged actions, if done at all, are justified and/or privileged since, at all relevant times herein, Zillow acted in accordance with corporate and administrative policies, the applicable laws of the United States of America and of the State of California, and for legitimate, non-discriminatory reasons.

## NINTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

9.      As a separate affirmative defense, Zillow alleges upon information and belief that Mr. Friedrich's Complaint and each cause of action set forth therein, or some of them, are barred, in whole or in part, by the applicable statutes of limitation, including, without limitation, California Civil Code §§ 338, 339, 340, California Government Code § 12960.

## TENTH AFFIRMATIVE DEFENSE

### (Estoppel)

10.     As a separate affirmative defense, Zillow alleges upon information and belief that Mr. Friedrich's Complaint and each cause of action set forth therein, or some of them, are barred by the doctrine of estoppel.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Waiver)

11.     As a separate affirmative defense, Zillow alleges upon information and belief that Mr. Friedrich's Complaint and each cause of action set forth therein, or some of them, are barred by the doctrine of waiver.

15

## TWELFTH AFFIRMATIVE DEFENSE

### (California Labor Code)

12.    As a separate affirmative defense, Zillow alleges upon information and belief that Mr. Friedrich's Complaint and each cause of action set forth therein, or some of them, are barred by Mr. Friedrich's failure to comply with his employee obligations pursuant to the California Labor Code including, but not limited to sections 2854 and 2856.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Failure to Comply with Administrative Notice and Exhaustion Requirements)

15.    As a separate affirmative defense, Zillow alleges upon information and belief that Mr. Friedrich's Complaint and each cause of action set forth therein, or some of them, are barred, in whole or in part, by Mr. Friedrich's failure to comply with the administrative notice and exhaustion requirements applicable to claims under the Fair Employment and Housing Act, including but not limited to California Government Code § 12960.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Good Faith)

17.    Zillow alleges that any actions complained of in the Complaint, if made or done at all, were made or done by Zillow in good faith, honestly, and not maliciously.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Lack Of Supervisory Liability)

20.    As a separate affirmative defense, Zillow alleges that Mr. Friedrich's Complaint and each cause of action set forth therein, or some of them, cannot be maintained because if Zillow's employees took the actions alleged, such actions were committed outside the course and scope of such employees' employment, were not authorized, adopted, or ratified by Zillow, and/or Zillow did not know of nor should it have known of such conduct.

21.     Zillow alleges that Mr. Friedrich's Complaint and each cause of action set forth therein, or some of them, cannot be maintained because, at all relevant times, Zillow took prompt and appropriate corrective action in response to Mr. Friedrich's workplace concerns, thereby satisfying all legal obligations Zillow had to Mr. Friedrich, if any.

## SIXTEENTH AFFIRMATIVE DEFENSE
### (Unconstitutionality of Punitive Damages)

22.     As a separate affirmative defense, Zillow alleges that Mr. Friedrich is not entitled to recover any punitive damages because such damages are so punitive in purpose and effect as to constitute a criminal penalty, entitling Zillow to rights to be given to defendants in criminal proceedings under the Constitutions of the United States and the State of California.   All procedures and application of California and Federal law in this action which deny Zillow such rights, including, but not limited to, a burden of proof beyond a reasonable doubt, a unanimous jury and the right against self-incrimination, violate Zillow's rights under such constitutional provisions.

23.     Zillow alleges that Mr. Friedrich is not entitled to recover any punitive damages and/or penalties because the provisions of California law allowing for the award of punitive damages and/or penalties and the substantive rules, procedures, and standards for determining whether or not to award them and, if so, in what amount, violate Zillow's rights to due process and/or equal protection under the law, and under the Constitution of the United States and/or the State of California.

## SEVENTEENTH AFFIRMATIVE DEFENSE
### (Offset)

24.     As a separate affirmative defense, Zillow alleges that any recovery to which Mr. Friedrich might otherwise allegedly be entitled must be offset by any disability and/or unemployment benefits and/or other monies and/or benefits Mr. Friedrich has received or will receive.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Reasonable Care)

25.　　As a separate affirmative defense, Zillow alleges that the Complaint and each cause of action set forth therein, or some of them, cannot be maintained because: (a) Zillow exercised reasonable care to prevent and promptly correct any discriminatory or otherwise unlawful behavior, including, but not limited to, having an anti-discrimination and harassment and/or open door policies with a complaint procedure; and (b) Mr. Friedrich unreasonably failed to take advantage of any preventative or corrective opportunities provided by Zillow or to otherwise avoid harm.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Later-Discovered Defenses)

27.　　As a separate affirmative defense, Zillow alleges that it intends to rely upon such other applicable defenses as may become apparent at subsequent stages of this action, and hereby reserves the right to assert any such defenses.

## PRAYER

WHEREFORE, Zillow, prays for judgment as follows:

1.　　That Mr. Friedrich takes nothing from Zillow by way of the Complaint;

2.　　That the Complaint and each purported cause of action therein be dismissed with prejudice;

3.　　For all costs and attorneys' and experts' fees herein incurred; and

For such other and further relief as the Court deems just and proper.

3724764v1/014549

Dated:  June 2, 2015

Respectfully submitted,

BROOKE A. M. TAYLOR *(Pro Hac Vice)*
STEVEN G. SKLAVER
AMANDA BONN
DAVIDA BROOK
RAVI DOSHI
SUSMAN GODFREY L.L.P.


By: */s/ Ravi Doshi*
    Ravi Doshi

*Attorneys for Defendant Zillow, Inc.*

3724764v1/014549